HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVERKEEPER, a non-profit corporation, | No. 3:09-CV-05376-RBL |
| Plaintiff, | CONSENT DECREE |
| v. | |
| FABRICATED PRODUCTS, INC. d/b/a SEAFAB METALS CO., | |
| Defendant. | |

WHEREAS, Plaintiff Columbia Riverkeeper filed a Complaint against Fabricated Products, Inc. d/b/a Seafab Metals Co. and Seafab Metals Co. on June 23, 2009, and filed an Amended Complaint on August 11, 2009, dropping its claims against Seafab Metals Co. but reasserting its claims against Defendant Fabricated Products Inc. d/b/a Seafab Metals Co., alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's facility located in Vancouver, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged

CONSENT DECREE - 1
No. 3:09-CV-05376-RBL

violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant consent to the entry of this Consent Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint or alleged in the Notice of Intent to Sue letter dated April 21, 2009 (collectively, the "Complaint"), and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that s/he is fully authorized by the party or parties whom s/he represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties and their successors in interest to it.

3. This Consent Decree shall apply to, and be binding upon, the parties, and upon the successors and assigns of the parties. Changes in the organizational form or status of a party

CONSENT DECREE - 2
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

shall have no effect on its obligations under this Consent Decree.

4. This Consent Decree shall apply to Defendant's operation and/or oversight of its facility located at or about Building 2572, West Wing #7, 3201 Lower River Road, Vancouver, Washington 98660 ("the Facility").

5. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree related to stormwater discharges that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387 arising from Defendant's operations of the Facility.

6. This Consent Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7. In full and complete satisfaction of the claims covered by the Complaint and all other claims covered by this Consent Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

    a. Defendant agrees to fully comply with the terms of its State of Washington Industrial Stormwater General Permit, and any successor, modified, or replacement permit (collectively, the "current NPDES permit").

    b. Defendant agrees that it shall undertake, with the assistance of its stormwater engineer, a Level Three Response for zinc which will be prepared in accordance with the Level Three requirements of Condition S4.C. of the NPDES permit issued by the Washington Department of Ecology on August 21, 2002, effective on September 20, 2002, modified on

CONSENT DECREE - 3
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

December 1, 2004, and which expired on December 31, 2009 ("previous NPDES permit"). Defendant agrees that the BMPs selected and implemented as part of the Level Three Response shall be, in the professional opinion of its stormwater engineer, reasonable and appropriate to reduce the amount of zinc in Defendant's stormwater discharge to below the current NPDES permit zinc benchmark.  The Level Three Response shall be completed, and all BMPs selected as part of the Level Three Response shall be implemented, no later than ninety (90) days after the effective date of this Consent Decree.  Defendant shall forward the Level Three Response to Ecology and Plaintiff at no cost by that date as well.   The Level Three Response for zinc may be combined into one document with the Level Three Responses for copper and lead, described in paragraphs 7(c) and (d) of this Consent Decree.

        c.      Defendant agrees that it shall undertake, with the assistance of its stormwater engineer, a Level Three Response for lead which will be prepared in accordance with the Level Three requirements of Condition S4.C. of the previous NPDES permit.  Defendant agrees that the BMPs selected and implemented as part of the Level Three Response shall be, in the professional opinion of its stormwater engineer, reasonable and appropriate to reduce the amount of lead in Defendant's stormwater discharge to below the previous NPDES permit lead benchmark.  The Level Three Response shall be completed, and all BMPs selected as part of the Level Three Response shall be implemented, no later than ninety (90) days after the effective date of this Consent Decree.  Defendant shall forward the Level Three Response to Ecology and Plaintiff at no cost by that date as well.   The Level Three Response for lead may be combined into one document with the Level Three Responses for copper and zinc, described in paragraphs 7(a) and (d) of this Consent Decree.

CONSENT DECREE - 4
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

      d.      Defendant agrees that it shall undertake, with the assistance of its stormwater engineer, a Level Three Response for copper which will be prepared in accordance with the Level Three requirements of Condition S4.C. of the previous NPDES permit. Defendant agrees that the BMPs selected and implemented as part of the Level Three Response shall be, in the professional opinion of its stormwater engineer, reasonable and appropriate to reduce the amount of copper in Defendant's stormwater discharge to below the current NPDES permit copper benchmark. The Level Three Response shall be completed, and all BMPs selected as part of the Level Three Response shall be implemented, no later than ninety (90) days after the effective date of this Consent Decree. Defendant shall forward the Level Three Response to Ecology and Plaintiff at no cost by that date as well. The Level Three Response for copper may be combined into one document with the Level Three Responses for lead and zinc, described in paragraphs 7(b) and (c) of this Consent Decree.

      e.      Defendant agrees that it shall, with the assistance of its stormwater engineer, update its Stormwater Pollution Prevention Plan ("SWPPP"). The updated SWPPP shall be compliant with the requirements of the current NPDES permit. The SWPPP shall be updated, and all BMPs included in the updated SWPPP shall be implemented at the Facility, no later than ninety (90) days after the effective date of this Consent Decree, with a copy forwarded to Plaintiff at no cost by that date as well.

      f.      Defendant shall, for a period of two (2) years beginning on the date that this Consent Decree is entered by the Court, forward copies to Plaintiff of all written or electronic communications between Defendant and Ecology concerning stormwater management, stormwater discharges, and stormwater permitting relating to Defendant's Facility.

CONSENT DECREE - 5
No. 3:09-CV-05376-RBL

All copies and documentation shall be forwarded to Plaintiff on a quarterly basis and not later than the forty-fifth (45th) day following the end of each calendar quarter, at no cost to Plaintiff.

8.      Not later than thirty (30) days after the date of entry of this Decree, Defendant shall make a payment in the amount of $32,500 (THIRTY-TWO THOUSAND FIVE HUNDRED DOLLARS) to the Industrial Stormwater Compliance project that is described in **Attachment A** to this Decree.  Such payment shall be made by check payable to the Northwest Environmental Defense Center and shall bear the notation of "Columbia Riverkeeper v. Fabricated Products, Inc.", and shall be mailed to the Northwest Environmental Defense Center, attn: Mark Riskedahl, 10015 SW Terwilliger Blvd., Portland, OR 97219, with a copy mailed simultaneously to Plaintiff.

9.      Within thirty (30) days after the date of entry of this Decree Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $25,000 (TWENTY-FIVE THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

10.     The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Consent Decree until termination of the Consent Decree per paragraph 12.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties by serving written notice of request for resolution to the parties and

CONSENT DECREE - 6
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

their counsel of record.  If no resolution is reached within thirty (30) days from the date that the notice of dispute is served, the parties may resolve the dispute by filing motions with the court.

11. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3).  Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

12. This Consent Decree shall take effect on the date it is entered by the Court.  This Consent Decree shall terminate 2 (two) years and sixty (60) days following its effective date.

13. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

14. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

15. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be mailed to Columbia Riverkeeper, Attn: Lauren Goldberg, 724 Oak Street, Hood River, Oregon 97031.  Notifications required by this Decree to be made to Defendant shall be mailed to Fabricated Products, Inc., Bldg. 2575 – West Wing #7, 3201 Lower River Road, Vancouver, WA 98660.

CONSENT DECREE - 7
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

Dated and entered this 10th day of May, 2010.

                              _____
                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE

COLUMBIA RIVERKEEPER

Signature:     _s/Brett VandenHeuvel_____

Title:          _Executive Director_____

Dated:        _3/1/10_____

FABRICATED PRODUCTS, INC.

Signature:     __s/Jerry L. Pyatt_____

Title:          __President_____

Dated:        __3/5/10_____

CONSENT DECREE - 8
No. 3:09-CV-05376-RBL

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883